IN THE MATTER OF THE APPLLICATION OF THE GERMAN BANK, AS A CREDITOR OF GEORGE FARTHING, DECEASED, FOR THE MORTGAGE, LEASE OR SALE OF THE REAL PROPERTY OF SAID DECEASED FOR THE PAYMENT OF HIS DEBTS.

*Pleadings — sale of the real estate of a decedent to pay his debts — Code of Civil Procedure, sec. 2752 — the petition — what allegations it must contain — what are sufficient.*

Section 2752 of the Code of Civil Procedure provides among other things that the petition to be presented to a Surrogate's Court for an order directing the sale of the real estate of a decedent for the payment of his debts, " must set forth the following matters as nearly as the petitioner can, upon diligent inquiry, ascertain them :

1st. The unpaid debts of the decedent and the name of each creditor or person claiming to be a creditor, and the amount of the unpaid funeral expenses of the decedent, if any, and the name of each person to whom any sum is due by reason thereof. 2d. A general description of all the decedents real property, and interest in real property within the State." * * *

*Held*, that if the petitioner omitted to set forth any facts which the statute required the petition to state, then the Surrogate's Court would not acquire jurisdiction and no valid decree could be entered directing a sale of the real property of the decedent.

That where the petition is made by a creditor, the Surrogate's Court acquires jurisdiction, if the petitioner sets forth any one item of indebtedness due to him from the deceased stating the amount and to whom the same is owing.

That if the petitioner is not advised that there are unpaid funeral expenses, or is informed of their existence but is ignorant of their amount, and of the person to whom they are due, he may omit to make any reference to the same in his petition.

A petition described fully several parcels of real estate, and alleged upon the information and belief of the petitioner that they were all the real estate within the State of New York of which the decedent died seized.

*Held,* that the allegation was sufficient ; that it was not necessary that it should be made positively and in unqualified terms.

APPEAL from an order, made in the Surrogate's Court of Erie county, refusing to dismiss proceedings for the sale of the real estate of the deceased.

The German Bank, claiming to be a creditor of the decedent, presented to the Surrogate's Court of Erie county a petition praying for the sale of the decedent's real estate for the payment of his debts. On the return of the citation, the surrogate made a certificate stating his disqualifications to act in the matter, which was presented to the General Term of this court, and an order was granted *ex parte* designating the county judge of Erie county to act in the place of said surrogate.

The petition of the German Bank of the city of Buffalo, in the county of Erie, N. Y., contained the following, among other allegations :

" That your petitioner is a creditor of George Farthing, late of the city of Buffalo, Erie county, N. Y., in the sum of $1,000, with interest thereon from January 9, 1882 ; that your petitioner's claim consists of two promissory notes, both made by E. C. Robbins, both indorsed by said George Farthing, each for the sum of $500, one dated November 2, 1881, and one dated November 7, 1881, both of which were duly presented for payment when due, payment of each was demanded and refused, and notice of such presentment, demand and non-payment as to each note given to George Farthing or to his legal representatives in due time.

" That the said claim is justly due and owing to your petitioner; that no payments have been made thereon, and there are no offsets against the same, to the knowledge of your petitioner, and that the

same is not secured by judgment or mortgage upon or expressly charged on the real estate of the said deceased."

\*　　　\*　　　\*　　　\*　　　\*

"That your petitioner is informed by said executrix and believes the said firm of George and Thomas Farthing were insolvent at the time of the decease of said George Farthing, and it has been discovered and ascertained that the personal property of said decedent is insufficient for the payment of the debts and funeral expenses, or either, of said decedent."

\*　　　\*　　　\*　　　\*　　　\*

"That the unpaid debts outstanding against the said decedent, and the particulars thereof, with the name of each person claiming to be a creditor, as far as the same can be ascertained by your petitioner, are as follows, viz. : "

\*　　　\*　　　\*　　　\*　　　\*

"That the following described real estate is, as your petitioner is informed and believes, all the real estate within the State of New York of which said decedent died seized, or which in any wise belonged to him at the time of his death."

The Third National Bank of Buffalo and Louis Zittel, by Lewis & Moot, their attorneys, appearing especially for that purpose, objected to the proceedings in this matter being longer continued or entertained by this court, and move that the proceedings herein be dismissed upon the following among other grounds:

*Second.* Because no sufficient petition has been filed to give this court jurisdiction in the matter, in that the petition filed does not show that the personal property of the estate of George Farthing, deceased, is not sufficient to satisfy the claims of the petitioner and other creditors of George Farthing, deceased ; also, because said petition does not show that diligent inquiry has been made to ascertain what debts exist against the estate of George Farthing, deceased ; also, because said petition does not show the amount of unpaid funeral expenses of George Farthing, deceased ; also, because said petition does not show of what real estate said George Farthing died seized, or that diligent inquiry has been made to ascertain of what real estate he died seized, or that the real estate described is the only real estate of which he died seized ; and because all of the statements of said petition, with reference to the real estate of

George Farthing, deceased, are made upon information and belief, whereas that form of statement in a petition is not authorized by law, nor is it sufficient to confer jurisdiction upon this court; and because said petition is insufficient in law, and said statement of facts is insufficient in law to confer jurisdiction upon this court.

*Lewis & Moot,* attorneys for the Third National Bank and Louis Zittel, appellants.

*Titus & Farrington,* for the appellants Farthing *et al.*

*Butler S. Farrington,* for the guardian *ad litem* of infants

*P. A. Matteson,* for the appellant William Zanbitzer.

*Day & Romer,* for German Bank, petitioner and respondent.

*Clinton & Clark,* for Farmers and Mechanics' Bank, creditor and respondent.

BARKER, J.:

The county judge was designated to act in the place of the surrogate, who was disqualified, before the parties summoned made any appearance. The appellants made and filed objections to the sufficiency of the petition, claiming that there was a failure to comply with the requirements of the statute, by omitting to state the amount of the unpaid funeral expenses due from the estate of the decedent and to whom the same were owing, and for that reason the court had failed to acquire jurisdiction over the subject matter, and moved for a dismissal of the proceedings, which was denied.

If the petition omits to set forth any facts which the statute requires to be stated therein, then the Surrogate's Court failed to acquire jurisdiction, and no valid decree can be entered directing a sale of the real property of the decedent. (*Bloom* v. *Burdick,* 1 Hill, 131; *Thatcher* v. *Powell,* 6 Wheaton, 119; *Atkins* v. *Kinnan,* 20 Wend., 241.)

The Surrogate's Court has jurisdiction to direct the disposition of the real property of the decedent for the payment of his debts and funeral expenses, when the personal estate is insufficient for that purpose, but such jurisdiction must be exercised in the manner and limited to the cases prescribed by the statute. The jurisdiction of

this tribunal is specifically defined by sections 2472 and 2749 of the Code of Civil Procedure. · The proceedings may be initiated and conducted by the executor or administrator of the estate of the decedent, or by any one of his creditors, and must be by petition duly verified. (Sec. 2750.) The petition must set forth among other things, as nearly as the petitioner can ascertain, the unpaid debts of the decedent and the name of each creditor, or person claiming to be a creditor, and the amount of the unpaid funeral expenses of the decedent, if any, and the name of each person to whom any sum is due by reason thereof. In the case now here the petitioner states the amount of its debt due from the decedent to be $1,000, fully setting forth how and when it originated. There is also set forth therein other items of unpaid indebtedness, five in number, due from the decedent, stating from whom each is owing and the several amounts of each indebtedness, being in the aggregate over $8,000. All the other facts required to be set forth in a petition, in addition to the items of unpaid indebtedness, are fully and sufficiently stated.

As the petitioner has in every respect complied with the requirements of the statute in setting forth its own indebtedness due from the decedent, that alone will sustain the jurisdiction of the court. If no reference had been made in the petition to unpaid funeral expenses, then it may be presumed that none existed. The statute does not require the petition to make any negative averment upon the subject. If he is not advised, that there are unpaid funeral expenses, or is informed that there are, and is ignorant of the amount and to whom the same is due, he may omit to make any reference to the same in his petition. The requirement is that he shall state affirmatively such facts as have come to his knowledge concerning other items of indebtedness due to other parties, and of the unpaid funeral expenses of which he is cognizant. The court acquires jurisdiction of the subject-matter, if the petition sets forth any item of indebtedness due from the decedent, stating the amount and to whom the same is owing, and by subsequent proceedings, and in the manner marked out by the several provisions of the statute, the surrogate is required to hear the parties and the petitioner and all other claimants, whether they are mentioned in the petition or not, and they may prove their debts. Before any decree can be made

directing the sale of real property, it is obviously the intention of the statute that all debts due from the decedent shall be ascertained, and the value of the personal estate undisposed of determined, so that all the creditors of the decedent may share *pro rata* in the proceeds of the real estate necessary to be sold to pay the debts in full, and for that purpose the provisions of section 2753 were enacted.

It is claimed by the appellants that as it appears on the face of the petition that there are unpaid funeral expenses it was necessary for the petitioner also to state to whom the same was due and the amount thereof. To place such a construction upon the statute would be most unreasonable, and would result, in many instances, in depriving the court of jurisdiction of the subject-matter on the application of a creditor. The creditor is required when he becomes a petitioner to set forth the amount and character of his own claim, and also to state such other items of indebtedness due other parties which he has ascertained upon diligent inquiry. The provisions of the Revised Statutes upon this subject have been, in substance, brought forward and incorporated in the Code of Civil Procedure.

In *Atkins* v. *Kinnan* (*supra*) the executor presented a petition for the sale of the real estate of his testator for the payment of debts owing by the estate, and in his petition he sufficiently, and in full compliance with the statute, set forth one item of indebtedness, stating the amount and to whom the same was owing. The other items of indebtedness were insufficiently described, there being an omission to state to whom the same were owing, and the court held that the one item of indebtedness properly described was sufficient of itself to sustain the jurisdiction of the court over the subject-matter, and that all the others might be rejected as nullities.

Each debt due from the decedent may be made the foundation for instituting proceedings for the sale of his real property, and when a petitioner sets forth that fact in a petition to the Surrogate's Court, the same in other respects being in compliance with the statute, the court may take jurisdiction of the subject-matter and proceed thereon in the manner pointed out by the statute. Jurisdiction being thus acquired by the action of the petitioning creditor, all the other creditors and parties interested in the estate or having title to the real property sought to be sold by the proceedings, will be fully protected by the subsequent proceedings.

Several parcels of real estate are described, and the petitioner, upon his information and belief, states that it is all the real estate within the State of New York of which the decedent died seized. The objection is made that this averment is insufficient, and that the petitioner should have stated positively and in unqualified terms, that it was all the real estate owned by the decedent at the time of his death. We do not know of any rule of law that requires a petitioner to state facts of this character as being within his own personal knowledge. The omission to describe a parcel of real property does not bear on the question of jurisdiction and cannot seriously affect the rights of other creditors or the heirs and devisees of the decedent.

The order should be affirmed, with costs.

Present — SMITH, P. J., HAIGHT and BRADLEY, JJ.

Order affirmed, with ten dollars costs and disbursements.